| | |
|---|---|
| UNITED STATES DISTRICT COURT | Civil Action No.: 18-CV-1797 |
| SOUTHERN DISTRICT OF NEW YORK | Date Summons Filed: |

------------------------------------------------------------------X
Aida Gonzalez,
              -Plaintiff,

                                                                          **COMPLAINT**

   -against-

NYU Langone Medical Center, Victoria Agostini,        **JURY TRIAL**
Michele Okolovitch, Wayne Hall, Betty J. Perez,        **DEMANDED**
Rebecca Ortiz, Cathleen Pacina, Emma Atanasio,
Rosa Perez, Ami Horowitz,                                  **ECF CASE**
              -Defendants.
------------------------------------------------------------------X

      Plaintiff AIDA GONZALEZ (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, Kareem E. Abdo, Esq., complains against the above captioned Defendants NYU LANGONE MEDICAL CENTER, VICTORIA AGOSTINI, MICHELE OKOLOVITCH, WAYNE HALL, BETTY J. PEREZ, REBECCA ORTIZ, CATHLEEN PACINA, EMMA ATANASIO, ROSA PEREZ, AMI HOROWITZ (hereinafter referred to individually as "Defendant" or collectively as "Defendants"). Plaintiff hereby brings this action under 42 U.S.C. §§ 2000e to 2000e-17 to redress her civil and legal rights and alleges as follows:

## PRELIMINARY STATEMENT

      1. This is a civil rights action in which the Plaintiff, AIDA GONZALEZ, seeks relief for the Defendants' violations of her rights secured by the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees and such other and further relief as this honorable Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 2000e to 2000e-17. Jurisdiction is conferred upon this honorable Court by 28 U.S.C. § 1331, this being an action seeking redress for the violation of the Plaintiff's rights conferred by federal statute thus raising a federal question.

3. Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) in that Defendant, NYU LANGONE MEDICAL CENTER, is administratively located in part within the Southern District of New York, and the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

5. Plaintiff is a resident of the State of New York, New York County.

6. Defendant NYU LANGONE MEDICAL CENTER is a New York City Hospital and does business in the state of New York within the City of New York and particularly within the confines of this District, the Southern District of New York.

7. Defendant VICTORIA AGOSTINI, is a night time supervisor in the food services department of the Defendant hospital, NYU LANGONE MEDICAL CENTER

8. Defendant MICHELE OKOLOVITCH, is a former contractor with the Defendant hospital, NYU LANGONE MEDICAL CENTER

9. Defendant WAYNE HALL, is a nighttime manager in the food services department for the Defendant hospital, NYU LANGONE MEDICAL CENTER

10. Defendant BETTY J. PEREZ, is a former director of the food services department for the Defendant hospital, NYU LANGONE MEDICAL CENTER

11. Defendant REBECCA ORTIZ, is an assistant director of the food services department for the Defendant hospital NYU LANGONE MEDICAL CENTER answering to Defendant EMMA ATANASIO.

12. Defendant CATHLEEN PACINA, is a manager in the Human Resources Department of the Defendant hospital, NYU LANGONE MEDICAL CENTER.

13. Defendant EMMA ATANASIO, is a director of the food services department for the Defendant hospital, NYU LANGONE MEDICAL CENTER.

14. Defendant ROSA PEREZ is an employee of the food services department for the Defendant hospital, NYU LANGONE MEDICAL CENTER.

15. Defendant AMI HOROWITZ, is a vice president of the Defendant hospital NYU LANGONE MEDICAL CENTER overseeing the food services department, building services department and transport services department at the Defendant hospital NYU LANGONE MEDICAL CENTER.

## RIGHT TO SUE CONFERRED TO PLAINTIFF BY THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

16. Plaintiff AIDA GONZALEZ was issued a letter conferring upon her the right to sue by the United States Equal Employment Opportunity Commission on December 15, 2017, signed by the District Director, Kevin J. Berry, for the New York District Office of the United States

Equal Employment Opportunity Commission. A true copy of the "Dismissal and Notice of Rights" issued to Plaintiff AIDA GONZALEZ, is attached hereto as EXHIBIT A.

**STATEMENT OF FACTS**

17. Plaintiff was an employee of the Defendant NYU LANGONE MEDICAL CENTER. She worked as a Host Associate in the Food Service department of the Defendant NYU LANGONE MEDICAL CENTER where she prepared trays of food for patients throughout the hospital. She was employed by the Defendant hospital since in or around November of 1998 through on or about February 7, 2017.

18. Plaintiff was rather involved in union activities and generally she stood up for her fellow workers on various occasions for various co-workers of hers.

19. For example, Plaintiff AIDA GONZALEZ, complained to Defendant CATHLEEN PACINA regarding the treatment of her son, Peter Sze, an employee of the building services department, Carlos Arias an employee of the building services department and Blanche Coca of the building services department, David Zirneiaceon of the building services department, in addition to several other people also employed by Defendant NYU LANGONE MEDICAL CENTER's Building Services department including Randy De La Cruz, Edward Serranoa, James Ruiz, J.W. Pierre, Surdali Rivera, Andre Williams, and as will be detailed herein Aura Troche.

20. As further example, in or around March of 2014 Plaintiff AIDA GONZALEZ went to Defendant NYU LANGONE MEDICAL CENTER's Human Resources department to speak with Defendant CATHLEEN PACINA, along with Plaintiff AIDA GONZALEZ were Aura Troche and Carlos Arias. Both Aura Troche and Carlos Arias speak little English, and Plaintiff AIDA GONZALEZ, went to the meeting to speak on their behalf as a translator. At this meeting

Plaintiff AIDA GONZALEZ presented to Defendant CATHLEEN PACINA a formal letter of complaint accusing Defendant NYU LANGONE MEDICAL CENTER of harboring a "hostile workplace." This letter is attached as Exhibit B.

21. Plaintiff AIDA GONZALEZ was aware as of March 2014 that Aura Troche was perceived in the workplace as a lesbian woman. Plaintiff AIDA GONZALEZ was also aware as of March 2014 that Aura Troche was the only woman employed by NYU LANGONE MEDICAL CENTER's building services department working in the Operating Room. Aura Troche confided in Plaintiff AIDA GONZALEZ, that she felt a lot of pressure from management, and that language akin to 'you want to be a man, we are gonna work you like a man' was used. Aura Troche also confided to Plaintiff AIDA GONZALEZ that she was considering taking her life. Plaintiff AIDA GONZALEZ took these pieces of information to formulate a belief that Aura Troche was being treated differently and unfairly because of the perception that Aura Troche is a lesbian woman.

22. Defendant ROSA PEREZ, was talking with the Plaintiff AIDA GONZALEZ and they were discussing the matter of Aura Troche, discussing how Aura Troche was likely to sue at some point. Defendant ROSA PEREZ, upon information and belief, provided information to Defendant REBECCA ORTIZ on a regular basis in consideration of significant additional overtime hours. It is alleged that Defendant ROSA PEREZ provided some information to Defendant REBECCA ORTIZ about Plaintiff AIDA GONZALEZ and her professional relation with Aura Troche.

23. Indeed, upon information and belief, Defendant ROSA PEREZ spoke directly with Defendant AMI HOROWITZ, a Vice President as described in paragraph 15 *supra* of Defendant

NYU LANGONE MEDICAL CENTER to have Defendant NYU LANGONE MEDICAL CENTER re-hire Plaintiff AIDA GONZALEZ, because, upon information and belief, Defendant ROSA PEREZ felt guilty that Plaintiff AIDA GONZALEZ was terminated by Defendant NYU LANGONE MEDICAL CENTER.

24. Further, there were three separate occasions where Plaintiff AIDA GONZALEZ complained of what she believed was inappropriate employer conduct to Defendant CATHLEEN PACINA. The first being the one in March of 2014 described in paragraph 21 *supra*.

25. On October 18, 2016 Plaintiff AIDA GONZALEZ first came to this law office with her co-worker Aura Troche.

26. On January 27, 2017 this office filed on behalf of Aura Troche a complaint in New York State Supreme Court alleging violations of the New York State Human Rights Laws and the New York City Human Rights Laws. January 27, 2017 was on a Friday.

27. Service of the complaint described in paragraph 26 was effectuated on February 6, 2017. February 6, 2017 was a Monday.

28. As alleged in paragraph 17, the Plaintiff AIDA GONZALEZ concluded her employment on February 7, 2017 with the Defendant hospital NYU LANGONE MEDICAL CENTER. She was in fact terminated on this date, which fell *on the very next day* from the date described in paragraph 27, a Tuesday.

29. As such there is an exceptionally close proximity from the date that Defendant NYU LANGONE MEDICAL CENTER was served, along with the other defendants in that action of which Defendant CATHLEEN PACINA is a joint defendant, with Aura Troche's complaint and the termination of Plaintiff AIDA GONZALEZ.

30. The stated reason for the termination was that Plaintiff AIDA GONZALEZ was not at the Defendant Hospital for work at an assigned time.

31. However pay records indicate that Plaintiff AIDA GONZALEZ was paid for the time in question, as Exhibit C indicates.

32. Indeed, mistake on the part of payroll is difficult to imagine, as time was tracked by means of electronic punchcard.

33. As such, Defendant NYU LANGONE MEDICAL CENTER's along with the other Co-Defendants in this action, stated reason for terminating Plaintiff AIDA GONZALEZ is a sham reason, designed to cover up violations of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e to 2000e-17.

34. Plaintiff AIDA GONZALEZ has been given several commendations for *perfect* attendance for *entire years at a time of work.*

35. For example in 2014 Plaintiff AIDA GONZALEZ was recognized for perfect attendance.

36. In 2011 the Healthcare Food Adminstrator's Association of Greater New York again recognized Plaintiff AIDA GONZALEZ for attendance and "Outstanding job performance and concern for the daily operation of the food & nutrition services department."

37. Just months prior to her termination, in December 2016, Plaintiff AIDA GONZALEZ was called on emergency notice and asked to come into the Defendant hospital on an emergency basis. Plaintiff AIDA GONZALEZ lives in very close proximity to Defendant NYU LANGONE MEDICAL CENTER. Plaintiff was urged, "come on you make enough money" by Defendant

WAYNE HALL. Despite having other family commitments Plaintiff AIDA GONZALEZ went into work for the Defendant hospital and worked extended emergency hours.

38. In fact Plaintiff AIDA GONZALEZ would often work extended and emergency hours on behalf of the Defendant hospital, NYU LANGONE MEDICAL CENTER.

39. These commendations further indicate, in conjunction with the request for emergency assignment, in further conjunction with the close proximity of Plaintiff AIDA GONZALEZ's termination and the service of the complaint filed by this office on behalf of Aura Troche for violations of the New York State Human Rights Law and New York City Human Rights Law, for which, the actions alleged in violation of the same, likewise violate Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e to 2000e-17, that these are related, and that Defendants NYU LANGONE MEDICAL CENTER, VICTORIA AGOSTINI, MICHELE OKOLOVITCH, WAYNE HALL, BETTY J. PEREZ, REBECCA ORTIZ, CATHLEEN PACINA, EMMA ATANASIO, ROSA PEREZ and AMI HOROWITZ colluded to violate the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e to 2000e-17, to injure Plaintiff AIDA GONZALEZ.

## CAUSES OF ACTION

### FIRST CLAIM: ILLEGAL DISCRIMINATION

**ILLEGAL EMPLOYMENT PRACTICES BASED UPON MAKING CHARGES, TESTIFYING, ASSISTING, OR PARTICIPATING IN THE ENFORCEMENT OF A TITLE VII CLAIM AS DESCRIBED IN 42 U.S.C. § 2000e-3**

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

41. Plaintiff, as stated in paragraph 28 *supra,* was terminated from her position with Defendant NYU LANGONE MEDICAL CENTER.

42. As alleged in paragraph 33 *supra* termination of Plaintiff AIDA GONZALEZ was not for any legitimate reason under color of law but was indeed executed to discriminate against her for her role in aiding in a claim made under New York State and New York City law, claims which would also be actionable under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e to 2000e-17.

43. Thus the prohibition against discrimination for opposing an employment practice made unlawful by Title VII of the Civil Rights Act of 1964, contained in 42 U.S.C. § 2000e-3, was violated by Defendants.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
February 27, 2018

Kareem E. Abdo, Esq.
260 Madison Ave.
Suite 204
New York, NY 10016
Tel: (646) 286-6472
Fax: (646) 663-3921
Email: kareemabdolaw@gmail.com

*Attorney for Plaintiff*