

January 29, 2020

William F. Cusack
212.915.5824 (direct)
William.Cusack@wilsonelser.com

**VIA ECF**

United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Attn:  Hon. Paul A. Engelmayer
       United States District Judge

> This matter has been transferred to me from Judge Engelmayer. Defendant's request for an extension of the fact discovery deadline to March 16, 2020 is GRANTED. Defendant's request for an informal conference is DENIED. This matter will be referred to Magistrate Judge Cave for resolution of the discovery dispute in a separate order. SO ORDERED.
>
> Date: 2/14/2020
> New York, New York
>
> Mary Kay Vyskocil
> United States District Judge

Re:   Gonzalez v. NYULH Langone Hospitals
      Civil Action No.: 18-cv-01797 (PAE)

Dear Judge Engelmayer:

We represent NYULH Langone Hospitals ("NYULH"), the defendant in the above-referenced matter. We write to respectfully request an extension of the fact discovery deadline and for an informal conference with the Court to discuss discovery issues.

**Request for Extension Of Time**

We write to the Court pursuant to Rule 1(E) of Your Honor's Individual Rules of Practice to respectfully request an extension of the fact discovery deadline from January 31, 2020 to March 16, 2020. This is Defendant's first request for such an extension and plaintiff consents to the request. The extension will not affect any other scheduled deadlines.

**Request for Informal Conference**

We also write pursuant to Rule 2(C) of Your Honor's Individual Rules of Practice and Local Civil Rule 37.2 to respectfully request an informal conference with Your Honor to discuss plaintiff's failure to provide full and complete HIPAA medical authorization forms, i.e., provide complete medical records that include alcohol/drug treatment and HIV-related information as part of plaintiff's response to defendant's first set of document requests.

Defendant's Discovery Demand

In her Third Amended Complaint ("Complaint"), plaintiff claims emotional distress damages as a result of an alleged unlawful termination and retaliation. In NYULH's Request for the Production of Documents, Document Request No. 46, NYULH requested that plaintiff provide HIPAA compliant authorizations for treatment "relative to **any medical or psychological condition** alleged in Plaintiff's complaint, including her claims of anxiety and emotional upset, so as to permit the securing of a copy of the **entire** record by Defendants" (emphasis added). NYULH

10489317v.2

issued blank HIPAA Authorization forms limited to the beginning of her employment tenure to the present for plaintiff to review and sign.

In response to the Document Request, plaintiff counsel objected to the request because it sought alcohol/drug treatment and HIV-related information. The basis for plaintiff counsel's objection was that plaintiff did not complain of a medical or psychological condition in the Complaint. However, plaintiff counsel reiterated plaintiff's allegation that she suffered "**extreme stress and stressors** due to the illegal actions of Defendant." (emphasis added).

Defendant's Good Faith Efforts to Resolve the Discovery Issue

On January 24, 2020, in a good faith effort to resolve the discovery issue, our firm conferred with plaintiff counsel telephonically and advised that defendant would withdraw its request for alcohol/drug treatment and HIV-related information if plaintiff confirmed that she sought solely garden variety emotional distress damages.[1] In response, plaintiff's counsel confirmed that plaintiff was seeking emotional distress damages in excess of garden variety and refused to provide full and complete HIPAA medical authorization forms. The meet-and-confer process was unsuccessful in resolving the discovery dispute.

Defendant is Entitled To Plaintiff's Complete Medical, Pharmacy, Psychiatric Or Psychological Treatment Or Counseling Records

It is well-established that if a plaintiff seeks more than "garden variety" emotional distress damages, a defendant is entitled to the plaintiff's medical records to determine whether any medical condition or circumstance either caused or contributed to the purported emotional distress.[2] These medical records include a HIPPA-compliant authorization for the release of plaintiff's complete medical, pharmacy, psychiatric or psychological treatment or counseling records.[3] Without plaintiff's complete medical records, NYULH will be unable to conduct discovery into the bases of plaintiff's extreme stress and allegedly severe or extreme emotional distress.[4] NYULH will be prejudiced if it cannot seek what medical matters, including alcohol/drug treatment and HIV-related information, may have impacted plaintiff's emotional state and caused the "extreme stress and stressors" that she alleges.

Plaintiff has already represented to NYULH that her claim for emotional distress damages exceeds garden variety and that she intends to argue that her employment with NYULH caused her to suffer

---

[1] *See Babbitt v. Koeppel Nissan, Inc.*, 2019 WL 3296984, at *11 (E.D.N.Y. July 23, 2019) (where the Court ordered that prior to making a decision whether to compel medical authorizations "plaintiff is to provide a declaration clarifying her position on emotional damages").

[2] *See Sunegova v. Vill. of Rye Brook*, 2011 WL 6640424, at *11 (S.D.N.Y. Dec. 22, 2011) (where plaintiff's claim of severe emotional distress entitled defendants to see her mental health records or she be precluded to only seek garden variety emotional distress); *Evanko*, 1993 WL 14458, at *2 ("it appears that her gynecological problems, which persisted through 1990, may well have had an impact on her emotional state, wholly apart from the claimed mistreatment by her employers."); *cf. Misas v. N.-Shore Long Island Jewish Health Sys.*, 2016 WL 4082718, at *4 (S.D.N.Y. July 25, 2016) (where a motion to compel medical records for exposure to a sexually-transmitted disease was denied only "in light of Plaintiffs' representation to the Court that they are seeking only "garden variety" emotional-distress damages").

[3] *See Sunegova* 2011 WL 6640424, at *10 (quoting *Bowen v. FedEx Corp.*, 2007 WL 646293, at *3 (S.D.N.Y. Feb. 28, 2007)).

[4] *See Babbitt*, 2019 WL 3296984, at *11.

"extreme stress and stressors". Plaintiff has also refused to submit a declaration attesting that her claim for emotional distress damages are limited to garden variety.[5]

Defendant's Requested Relief

Defendant respectfully seeks an informal conference regarding its anticipated motion to compel plaintiff to provide (1) full and complete HIPAA medical authorization forms, i.e., complete medical records that include alcohol/drug treatment and HIV-related information as part of plaintiff's response to defendant's first set of document requests or, in the alternative, (2) a declaration averring that plaintiff seeks solely garden variety emotional distress damages consistent with representations required in the *Morales* affidavit.

We thank the Court for its attention to this matter.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s William F. Cusack*

William F. Cusack
Josef K. Mensah

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2020

---

[5] *See Morales v. Pepsi Co. Inc.*, No. 16-CV-6597L, 2018 WL 3853390, at *4 (W.D.N.Y. Aug. 14, 2018) (where the Court ordered plaintiff to enter an affidavit representing, inter alia, (1) He understands that his claim for emotional distress damages is limited to "garden variety" emotional distress damages, meaning nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of the challenged actions; (2) He will not claim at trial that he suffered severe emotional distress or a diagnosed mental health condition; (3) He will not offer at trial any psychological or medical testimony or records to support his claims of emotional distress, including his own testimony that he sought treatment from a mental health professional; and, (4) He withdraws any prior claim for physical injury or non-garden variety emotional distress damages.)

10489317v.2