USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/25/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIDA GONZALEZ,

                Plaintiff,

-against-

NYU LANGONE HOSPITALS,

                Defendant.

1:18-cv-01797-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      On September 21, 2020, the Court issued an Order setting a briefing schedule for Defendant's motion for summary judgment [ECF No. 126]. On September 22, 2020, counsel for Plaintiff submitted a letter motion requesting that the Court compel both parties to provide .pdf files of all cases cited in the briefs [ECF No. 127]. Counsel submitted this request due to the COVID-19 pandemic. Counsel explains that he normally visits a law library to obtain copies of cases cited by his opponent—in particular, unreported decisions available on electronic databases, such as Westlaw and Lexis. According to Plaintiff, law libraries, however, remain closed amid the COVID-19 pandemic.

      On September 23, 2020, counsel for Defendant filed an opposition letter, arguing that Plaintiff's request "is without legal or factual merit" and that Plaintiff is simply unwilling to pay for legal search engines, such as Westlaw or Lexis [ECF No. 128]. Defendant claims this request would be unduly burdensome and suggests several resources counsel for Plaintiff could use to obtain copies of cited caselaw. One resource in particular is ECF, which does not charge a fee to view court opinions.

The Court would have hoped that this simple request is something that counsel for the parties would have worked out cooperatively and that Defendant might have accommodated Plaintiff's counsel.  Unfortunately, the Court must intervene.

Accordingly, IT IS HEREBY ORDERED that both parties must adhere to the following standards with respect to legal case citations for the briefing and all other documents submitted in connection with Defendant's motion for summary judgment:

- For all "reported" cases, the parties must cite to an official reporter, ideally in the order of preference outlined in Table 1 of the Bluebook.  *See* The Bluebook: A Uniform System of Citation tbl.T.1 (Columbia Law Review Ass'n et al. eds., 20th ed. 2015).

- For all "unreported" cases—that is, cases that are unreported but available on a widely use electronic database, such as Westlaw or Lexis—the parties must conform citations to Bluebook Rule 10.8.  *See id.* R 10.8, at 111.  Thus, citations should include the following information: (1) case name, (2) docket number, (3) database identifier, (4) court name, and (5) full date of the decision.  In addition, after the parenthetical containing the court name and full date of the decision, the parties should add parenthetically the last name of the judge who authored the decision: for example (Vyskocil, J.).  Thus, counsel should be able to obtain easily copies of decisions through PACER/ECF.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS, INCLUDING THE REJECTION OF A FILING OR PRECLUSION OF DEFENSES OR CLAIMS.**

Going forward, the Court hopes and expects that litigants and their counsel extend one another professional courtesies, particularly amid the ongoing COVID-19 pandemic.

**SO ORDERED**.

**Dated: September 25, 2020**
**New York, New York**

*Mary Kay Vyskocil*
**Mary Kay Vyskocil**
**United States District Judge**